**DENIED and Opinion Filed December 11, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01245-CV**

**IN RE JOSE LUIS PALOMO, Relator**

**Original Proceeding from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-01491**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Nowell, and Miskel
Opinion by Justice Pedersen, III

Before the Court are relator's December 8, 2023 petition for writ of mandamus and motion for emergency relief pending a ruling on relator's petition for writ of mandamus. Relator challenges an associate judge's November 20, 2023 order denying relator's 50 U.S.C.A. § 3932 stay reapplication and purported setting a hearing on temporary orders to take place on December 12, 2023.

Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator bears the burden of providing the Court with a record sufficient

to show he is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). A relator must file with his petition (1) "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). The record reflects that on September 18, 2023, relator filed a stay reapplication with exhibits and that on November 8, 2023, real party in interest filed an objection to relator's stay reapplication. Relator includes in his record a copy of only his November 16, 2023 amended reapplication. The record further reflects that the trial court held a hearing on relator's stay reapplication on November 20, 2023, but relator provided neither a transcript of any testimony adduced at that hearing nor the statement required by rule 52.7(a)(2). Accordingly, we conclude relator failed to meet his burden to provide a record sufficient to demonstrate entitlement to mandamus relief.

Even if we were to consider only the petition and record before us, we would conclude that relator has failed to demonstrate entitlement to mandamus relief. *See* TEX. R. APP. P. 52.8(a).

We deny relator's petition for writ of mandamus. We also deny relator's emergency motion as moot.

231245f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE